**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5049-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

M.R.W.,

    Defendant-Appellant.

_____

Submitted May 29, 2018 — Decided June 6, 2018

Before Judges Hoffman and Gilson.

On appeal from Superior Court of New Jersey,
Law Division, Mercer County, Indictment No.
15-11-1243.

Joseph E. Krakora, Public Defender, attorney
for appellant (Tamer Lerer, Assistant Deputy
Public Defender, of counsel and on the brief).

Angelo J. Onofri, Mercer County prosecutor,
attorney for respondent (Laura Sunyak,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Defendant appeals from the October 24, 2016 Law Division

order denying her appeal of the denial of her pre-trial

intervention (PTI) program application.  See N.J.S.A. 2C:43-12 and R. 3:28.  We affirm.

I

In July 2015, defendant, then age nineteen, admitted to police that she violently killed the family dog.  The night before, she "went to bed with an 'impulse' to kill the [dog]."  The following morning, she gave the dog oxycodone, which made him lethargic but did not kill him.  Several hours later, she bludgeoned the dog's head with a shovel, and, when that proved unsuccessful, she repeatedly struck his head with a hammer until he died.  She initially hid the dog in a refrigerator, but buried him a day later with assistance from a friend.

Defendant told police that she "had impulses . . . to hurt/kill someone" but probably would not act on them because she felt guilty about killing the dog.  She added that "part of the thrill" of the crime was "being able to perform the act, clean the crime scene, and get away with it" before her father returned home from work.  She stated that "she wanted to be famous and listed names of serial killers she wished to be like."  After her arrest, she was involuntarily committed after a crisis team determined that she was a threat to herself and others.

Defendant was indicted on charges of third-degree animal cruelty, third- and fourth-degree weapons possession, and fourth-

degree evidence tampering. Thereafter, she sought admission into the PTI program.

During her interview, she told probation that she killed the dog during a "psychotic episode" when she "was mentally ill and using drugs instead of her prescribed medications." Her psychiatric history before the offense included multiple inpatient hospitalizations and two suicide attempts. After the offense, she was diagnosed with borderline personality disorder and gender identity disorder and hospitalized at Trenton Psychiatric Hospital for two months. Upon discharge to the county jail, she was placed in solitary confinement because she reportedly "fear[ed] she w[ould] kill other inmates in her sleep."

The program director recommended enrollment into PTI, noting that the crime was defendant's first offense, and that a "combination of her mental health problems, drug use, and hormone treatments may have contributed to the behavior." In August 2016, the prosecutor rejected defendant's PTI application. The prosecutor's statement of reasons reflects consideration of her individual circumstances, including her age, education, employment history, substance abuse and mental health history, physical health, and the "heinous" nature of her first offense. The prosecutor emphasized that defendant "suffers from a variety of physical and mental health ailments that require intensive levels

of management and treatment" and has substance abuse issues "that would likely also require intensive levels of treatment to cure."

Defendant appealed, contending "[t]he apparent heinousness of the crime has clouded the State's objective analysis of the case," and the prosecutor "failed to consider all of the relevant factors" and "considered irrelevant or inappropriate factors," which "amounted to a clear error in judgment." She stressed difficult life circumstances culminating in "a temporary psychotic break" during which she committed the crime. She highlighted her compliance with mental health treatment and stability since the incident, along with her "genuine remorse."

On October 24, 2016, the court denied defendant's appeal. It found that "the State thoroughly considered the relevant factors" and was "not required to interpret the relevant factors in the same manner the defendant would as long as it does not clearly err in judgment." It held that defendant failed to demonstrate that the State patently and grossly abused its discretion in any way.

Subsequently, defendant pled guilty to one amended count of fourth-degree animal cruelty and the remaining charges were dismissed. The court sentenced her to probation for two years. This appeal followed.

Defendant contends, as she did in the Law Division, that the denial of her PTI application constituted a patent and gross abuse of discretion because the State: (1) failed to consider all relevant factors; (2) "considered her mental health issues in an inappropriate manner"; and (3) committed "a clear error in judgment" by denying PTI "given that [defendant] was in the throes of a mental health crisis when she committed th[e] offense."

Initially, a reviewing court "must presume that all relevant factors were considered and weighed prior to a prosecutorial veto" until a defendant proves otherwise. State v. Bender, 80 N.J. 84, 94 (1979). That said, "the statement of reasons must demonstrate that the prosecutor has carefully considered the facts in light of the relevant law." State v. Wallace, 146 N.J. 576, 584 (1996). Contrary to defendant's contention, the required presumption coupled with the statement of reasons in this case supports the trial court's conclusion that the prosecutor considered all relevant factors and made a proper individualized assessment of defendant's circumstances. She simply disagrees with the end result, and that alone is insufficient to warrant reversal.

Defendant also contends that the prosecutor should have weighed her significant mental health history as favoring admission into PTI instead of rejection. However, as the trial

court correctly concluded, the law does not require the prosecutor to consider a statutory factor in the manner that defendant would prefer it to be considered. Indeed, it requires only that the prosecutor give due consideration to each statutory factor, and that was done here. See id. at 585-86 ("Notably, nowhere does the statute attempt to instruct the prosecutor on the relative weight to be assigned these several criteria. . . . [I]t clearly intended to leave the weighing process to the prosecutor . . . ."). Again, defendant's contention is unavailing, as her disagreement with the prosecutor's decision fails to establish that a patent and gross abuse of discretion occurred. Because defendant failed to meet the heavy burden required to prove any of her contentions under Bender, 80 N.J. at 93, we are constrained to affirm. Any arguments not specifically addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5049-16T1